UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BENNY A. GUTIERREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV 07-8328-AGR<br><br>**MEMORANDUM OPINION AND ORDER** |

On January 8, 2008, after being granted leave to file this action without prepayment of filing fee, Plaintiff Benny A. Gutierrez ("Gutierrez") filed a complaint to review and set aside a decision by the Commissioner to deny benefits. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before this Court on January 29 and February 1, 2008.

**I.**

**SUMMARY OF PROCEEDINGS**

On August 7, 2008, Plaintiff's counsel filed a motion to withdraw as attorney of record. On August 7, 2008, this Court issued an order staying the case for 45 days pending the proposed withdrawal of counsel. On August 12, 2008, this Court issued an order granting the motion to withdraw and providing that the Order became effective upon

the filing of a proof of service evidencing that Gutierrez was served with the Order. (Dkt. No. 18.) The proof of service was filed on October 17, 2008. On October 23, 2008, the court issued an order granting Plaintiff 45 days to obtain new counsel ("Order"). (Dkt. No. 20.) The Order explained that if Gutierrez did not obtain new counsel within 45 days, the matter would proceed with Gutierrez appearing pro se and with a revised schedule. No counsel filed a Notice of Appearance for Gutierrez. Nor did Gutierrez request an extension of time to obtain new counsel.

According to the Order, Gutierrez was to file and serve his motion for judgment on the pleadings on or before January 9, 2009. The Order expressly warned that "[i]f Plaintiff does not file and serve a motion for judgment on the pleadings, this action will be subject to dismissal without prejudice for failure to prosecute and failure to comply with a court order. Federal Rule of Civil Procedure 41(b); *Link v. Wabash Railroad Co.*, 370 U.S 626, 629-30 (1962)." (Dkt. No. 20.) The Order set forth guidelines as to the preparation of a motion for judgment on the pleadings. (*Id.*) Gutierrez did not file a motion for judgment on the pleadings and did not request an extension of time to do so.

On January 13, 2009, this Court issued an Order to Show Cause that required Jenkins to show cause on or before February 9, 2009, why this case should not be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. The filing and service of a motion for judgment on the pleadings on or before February 9, 2009, was expressly deemed compliance with the Order to Show Cause. (Dkt. No. 21.) The Order to Show Cause expressly warned Gutierrez that "if she fails to file and serve a motion for judgment on the pleadings or otherwise respond to this Order to Show Cause on or before February 9, 2009, this Court will dismiss this action without prejudice for failure to prosecute and/or failure to comply with a court order. Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962)." (*Id.*)

To date, Gutierrez has not filed a motion for judgment on the pleadings and has not otherwise responded to the Order to Show Cause.

///

## II.

## **DISCUSSION**

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. at 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the court).

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260-61 (failure to comply with court orders)**.**

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal.  Plaintiff failed to file a motion for judgment on the pleadings, failed to request an extension of time to do so, and failed to respond to the Court's Order to Show Cause why this action should not be dismissed for failure to prosecute.  Given that this case cannot move forward to resolution in the absence of Plaintiff filing a motion for judgment on the pleadings, Plaintiff's conduct hinders the Court's ability to move this case toward disposition, and indicates that Plaintiff does not intend to litigate this action diligently.

The third factor -- prejudice to defendants -- also weighs in favor of dismissal.  A rebuttable presumption of prejudice to defendants arises when there is a failure to prosecute diligently.  *Eisen*, 31 F.3d at 1452-53.  That presumption may be rebutted where

///

a plaintiff proffers an excuse for delay. Plaintiff has failed to come forward with any excuse or reason for delay.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. It is, however, a plaintiff's responsibility to move a case towards a disposition at a reasonable pace and to avoid dilatory tactics. *See Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to file a motion for judgment on the pleadings or request an extension of time to do so, and to respond to orders of the Court.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal. The Court attempted to avoid dismissal by issuing an Order to Show Cause reminding Plaintiff of his obligation to file a motion for judgment on the pleadings and deeming a filing of the motion on or before February 9, 2009, as compliance with the Order to Show Cause. Despite this warning, Plaintiff has failed to fulfill his obligations or respond in any way to the Court.

Taking all of the above factors into account, dismissal for failure to prosecute is appropriate. Such a dismissal, however, should not be entered unless Plaintiff has been notified that dismissal is imminent. In this case, Plaintiff has been cautioned twice about the possibility of dismissal in the Order dated October 23, 2008 and the Order to Show Cause dated January 13, 2009.

///
///
///
///
///
///
///
///

4

## III.
## **ORDER**

IT IS HEREBY ORDERED that judgment be entered dismissing this action without prejudice for failure to prosecute.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

**IT IS SO ORDERED.**

DATED: February 11, 2009

_____
ALICIA G. ROSENBERG
United States Magistrate Judge